**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Packward Kaleilani TOELUPE, aka Pupi, Defendant—Appellant.**

No. 06–10356.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2007.

Filed Oct. 10, 2007.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Thomas J. Brady, Esq., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

David F. Klein, Esq., Honolulu, HI, for Defendant–Appellant.

Before: HUG, BRUNETTI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Packward Kaleilani Toelupe, a.k.a. "Pupi," appeals an order on remand issued by the district court. In a prior appeal, we affirmed Toelupe's conviction and sentence for violations of 21 U.S.C. § 841(a)(1) stemming from his involvement in a methamphetamine distribution network. *See United States v. Domingo* ("*Toelupe I* "), 101 Fed.Appx. 686, 689–91 (9th Cir.2004). We later remanded to the district court, however, for reconsideration of his sentence in light of *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc). After reconsideration, the district court adhered to its original sentencing determination and reimposed Toelupe's original sentence. Toelupe appealed, arguing that he is entitled to a vacated sentence and an entirely new sentencing hearing, rather

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

than a limited *Ameline* review. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Toelupe contends in this appeal that the district court erred in conducting a limited review of his sentence pursuant to *Ameline*. Rather, according to Toelupe, his sentence should have been vacated and remanded pursuant to *United States v. Beng–Salazar*, 452 F.3d 1088 (9th Cir. 2006), because by preserving his Sixth Amendment challenges he preserved his non-constitutional objection under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), even though *Booker* had not yet been decided. *See Beng–Salazar*, 452 F.3d at 1093–95. Had *Beng–Salazar* been decided before our 2005 remand in *Toelupe I*, Toelupe would have been entitled to a vacated sentence and an entirely new sentencing hearing. *See id.* at 1093; *United States v. Lyons*, 454 F.3d 968, 970–72 (9th Cir.2006). But *Beng–Salazar* had not yet been decided when we considered Toelupe's appeal in *Toelupe I*, and Toelupe has not argued that our decision in *Beng–Salazar* operates retroactively.[1]

■ Even if we applied harmless-error review pursuant to *Beng–Salazar*, Toelupe would not be entitled to a vacated sentence and new sentencing hearing because the district court's order on remand, in which it adhered to its original sentencing determination, satisfies that standard of review. The district court gave Toelupe the opportunity to submit a supplemental sentencing memorandum and present arguments to the court at a hearing. But Toelupe failed to explain in his supplemental sentencing memorandum which factors under 18 U.S.C. § 3553(a) were relevant to his sentence. At the hearing, the district court gave Toelupe an opportunity to comment on the § 3553(a) factors and heard arguments from defense counsel on the issue of sentencing disparities, which is a factor under § 3553(a)(6). Applying harmless-error review, the government satisfied its burden under *Beng–Salazar* because the district court's order on remand clearly states that it considered the § 3553(a) factors, the now-advisory Sentencing Guidelines, Toelupe's supplemental sentencing memorandum, and the arguments made at the hearing.

For the same reasons, the district court's adherence to its original sentencing determination is also reasonable. *See Rita v. United States*, —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007); *United States v. Combs*, 470 F.3d 1294, 1296–97 (9th Cir.2006); *United States v. Ellsworth*, 456 F.3d 1146, 1153 n. 3 (9th Cir.2006). Thus, Toelupe is not entitled to a vacated sentence and a new sentencing hearing.

■ Additionally, Toelupe challenges his sentence on the basis that the district court erred in its sentencing determination by relying on facts underlying a charge on which he was acquitted. In *United States v. Watts*, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), however, the Supreme Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *Id.* at 157, 117 S.Ct. 633. Contrary to Toelupe's argument, the Supreme Court's decisions in *Booker*, *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not affect that principle. *See United States v. Mercado*,

---

1. In fact, Toelupe argues at length that due process prohibits the retroactive application of changes in the judicial interpretation of criminal statutes.

474 F.3d 654, 656–58 (9th Cir.2007). Accordingly, a district court may rely on extra-verdict factual findings without violating the Sixth Amendment as long as the actual sentence imposed by the district court does not exceed the statutory maximums for the crimes of conviction and provided that the facts are proved by a preponderance of the evidence. *Id.*

Here, the district court did not exceed the statutory maximum for either Count 2 or Count 16 on which Toelupe was found guilty by the jury. *See* 21 U.S.C. § 841(b)(1)(A) and § 841(b)(1)(C). And the district court's decision to run Toelupe's sentences consecutively under the "stacking" provisions of U.S.S.G. § 5G1.2(d) was proper. *United States v. Buckland,* 289 F.3d 558, 570–72 (9th Cir. 2002) (en banc). As the district court pointed out, Toelupe could have received a much higher sentence—up to life plus 180 years—if the district court had chosen to give him the maximum sentence for all the counts on which he was convicted and to run the terms consecutively. *See* 21 U.S.C. § 841(b)(1)(A). Furthermore, the district court explicitly stated that it found that the extra-verdict facts were proved by clear and convincing evidence. Toelupe fails to argue that the district court's factual findings amount to clear error, and there is no basis in the record for such a conclusion. Thus, under *Watts* and *Mercado,* the district court's reliance on facts not found by the jury did not violate the Sixth Amendment. Therefore, we affirm the district court's order on remand.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.